UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DANIEL MARRS, <br> Plaintiff, <br> v. <br> CITY OF IMPERIAL, et al., <br> Defendants. | Case No. 21-cv-09233-DMR <br><br> **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE TRANSFERRED** |

Pro se Plaintiff Christopher Marrs filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983 by Defendants City of Imperial, City of Imperial Police Department, City of Imperial Police Office; Imperial City Manager Dennis Morita, and Imperial's City Attorney Geoffrey P. Holbrook (collectively "Defendants"), and paid the requisite $402 filing fee for a civil action. [Docket No. 1.] Marrs's complaint is difficult to comprehend, but it appears that he alleges that a non-party member of the Imperial City Council embezzled $36,166[1] in funds related to the federal Paycheck Protection Program from Marrs's bank account held by Wells Fargo. Compl. at 4. He also alleges that he found fraudulent activity related to the corporate governance of Farmer Brewing Company, a corporation for which he previously served as a director. *Id.* The Secretary of State filings attached to the complaint indicate that Marrs was a director, officer, and agent for service of process for Humble Farmer Brewing as of at least June 29, 2020. Compl. Ex. C. Marrs alleges that the Imperial city councilmember unlawfully removed him from the board and from the company's accounts. Compl. at 4. Marrs further alleges that he was locked out of Humble Farmer Brewing's email account. *Id.*; *see* Compl. Ex. D.

Marrs contends that he reported fraudulent activity to an officer with the Imperial Police

---

[1] Elsewhere, Marrs states the amount was $82,166. *See* Compl. at 5.

Department, who asked him "what penal codes does this relate to?" Compl. at 4. The complaint does not describe any further action taken by the Department. Marrs appears to argue that Defendants' failure to investigate the alleged fraud he recounts and prosecute the offenders violated his civil rights. *Id.* at 5. He alleges that he has suffered financial damages in the form of legal fees he paid and anxiety. *Id.*

After reviewing Marrs's complaint, the court questions whether this matter is appropriately venued in the Northern District of California. Pursuant to 28 U.S.C. § 1391, a case may be filed in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Marrs's complaint details incidents that took place in Imperial, California. All of the Defendants are residents of Imperial. Furthermore, Marrs spoke to a Wells Fargo banker about this account at a bank branch located in San Diego. Compl. Ex. A. According to the Secretary of State filings, Humble Farmer Brewing is located in Holtville, California, and all directors or officers are located in either Holtville or El Centro, California, both located in Imperial County, California. Plaintiff, however, lives in San Francisco.

Based on the allegations in the complaint, it appears that the proper venue for this case is the Southern District of California because that is where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). The Southern District is also the district in which all Defendants reside. *Id.* § 1391(b)(1). When a plaintiff files his or her case in the wrong district, the court must either dismiss the case or transfer it to the District Court in the correct district. *See* 28 U.S.C. § 1406(a). Thus, unless Marrs can show legal authority for venue in this district, the court will transfer the case to the Southern District of California. Accordingly, Marrs is ordered to file a statement explaining why this case should not be transferred to the United States District Court for the Southern District of California within seven

2

1  days—i.e., by **February 1, 2022**.

2  The court refers Marrs to the section "Representing Yourself" on the Court's website,
3  located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for
4  unrepresented parties. Parties may schedule an appointment by calling 415-782-8982 or emailing
5  fedpro@sfbar.org.

7  **IT IS SO ORDERED.**

8  Dated: January 25, 2022

_____
Donna M. Ryu
United States Magistrate Judge